NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RHINA MARGARITA TORRES-DE-ARGUETA; KARLA MARGARITA ARGUETA-TORRES,<br><br>    Petitioners,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 15-73586<br><br>Agency Nos. A206-849-219<br>       A206-849-220<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before: SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Rhina Margarita Torres-De-Argueta and Karla Margarita Argueta-Torres,

natives and citizens of El Salvador, petition pro se for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying their applications for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish they were or would be persecuted on account of a political opinion or their membership in a particular social group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (political opinion claim rejected where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

We lack jurisdiction to consider the new particular social groups raised in the opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Thus, petitioners' asylum and withholding of removal claims fail.

In light of this disposition, we do not reach petitioners' remaining

15-73586

contentions as to their asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**